IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK NICELY, individually and on behalf of all others similarly situated,

    Plaintiff,

  v.

INTERNATIONAL GAME TECHNOLOGY, a Nevada corporation,

    Defendant.

No. C 14-03160 WHA

**ORDER DENYING MOTION TO SEAL**

    Defendant International Game Technology has moved to seal portions of the complaint dated July 11, 2014, as well as portions of an exhibit appended thereto. For the following reasons, the motion is **DENIED**.

    In brief, this is a putative class action in which plaintiff Mark Nicely alleges (among other items) that defendant breached its "Patent Award" contract and program for its employees. According to the complaint, defendant paid its employees for invention disclosures that the employees submitted and which the company included as part of its patent applications to the United States Patent and Trademark Office. If the PTO later granted such a patent application, defendant would pay additional compensation to the employee who had submitted the invention disclosure. The complaint further alleges that defendant terminated its Patent Award program in early 2014 (Compl. ¶ 3).

Now, defendant moves to seal portions of the complaint and an appended exhibit, regarding confidential information that reportedly discloses "trade secrets details of the [Patent Award] program" (Br. 1). *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006), thus applies, requiring at least "a particularized showing . . . under the 'good cause' standard of Rule 26(c)" to warrant sealing of materials attached to non-dispositive motions. *Id.* at 1080 (internal citations omitted). Other courts in our district have further applied *Kamakana*'s "compelling reasons" standard to motions to seal a complaint, "because a complaint is the foundation of a lawsuit." *See, e.g.*, *In re Google Inc. Gmail Litig.*, 13-MD-02430-LHK, 2013 WL 5366963 (N.D. Cal. Sept. 25, 2013) (Judge Lucy H. Koh); *and In re NVIDIA Corp. Derivative Litig.*, 06–06110, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) (Judge Saundra Brown Armstrong).

In any event, having reviewed the portions that defendant seeks to seal as well as the parties' briefing and declarations, this order finds no good cause here. As a preliminary matter, the portions in dispute do not contain trade secrets; rather, those portions reveal general details of how the Patent Award program worked. Furthermore, defendant declares that its competitors "would" or "could" copy the program if sealing is denied, but does not explain how information regarding the Patent Award program would give its competitors an advantage, especially as it is undisputed that defendant itself has discontinued the program this year (*see, e.g.*, Jhanb Decl. ¶ 8). Furthermore, given that this is a putative class action, there is a public interest in having potential class members and the public be aware of this action's allegations, which presumably will involve general details of how the Patent Award program worked.

The motion to seal is thus **DENIED**.

**IT IS SO ORDERED.**

Dated: September 16, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2